Case 4:16-cv-01077   Document 18   Filed on 06/27/17 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHY N. BURDEN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-16-1077 |
| | § | |
| NANCY A. BERRYHILL, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Kathy N. Burden filed this case under the Social Security Act, 42 U.S.C. § 405(g) for review of the Commissioner's final decision denying her request for social security disability benefits. Burden and the Commissioner have moved for summary judgment (Dkts. 15, 16). The court recommends that Burden's motion be denied, and the Commissioner's motion be granted.

**Background**

This case has a complex procedural history.[1] Burden was 45 at the alleged onset of disability in February 1999. Prior to the onset of disability, she was employed as a dental hygienist and clinical research analyst. She filed an application for disability in 2001, alleging a latex allergy, occupational asthma, and heart

---

[1] *See* Tr. 1067-68 (discussing procedural history). The administrative record in this case has not been electronically filed, so references are to the certified transcript, not the court's docket.

arrhythmia.[2] An ALJ found her not disabled in a November 17, 2004 decision, and the appeals council affirmed that decision.[3] The federal district court then remanded her appeal to the commissioner for further development of the record.[4] The commissioner again denied her application.[5] In May 2013, the federal district court again remanded the case to the commissioner, this time on the commissioner's own motion.[6]

The ALJ issued another unfavorable decision on February 15, 2015.[7] The Appeals Council denied review and the February 2015 ruling became the Commissioner's final decision. Burden filed this appeal April 22, 2016.[8]

Burden's current appeal reviews the denial of her 2001 application for benefits for the closed period February 1999, her alleged onset date, through September 29,

---

[2] By the time the case reached the ALJ in 2015, Burden's allegations had expanded to include dental surgeries, depression, anxiety, and breast cancer. Tr. 1071.

[3] Tr. 27-38.

[4] *Burden v. Astrue*, Civil Action No. H-07-2900, slip. op. (S.D. Tex. April 2, 2009) (summarizing medical records).

[5] Tr. 633-44.

[6] *Burden v. Astrue*, Civil Action No. 4:12-cv-2701, slip. op. (S.D. Tex. May 14, 2013).

[7] Tr. 1067-94.

[8] This court previously recommended denial of Burden's application for want of prosecution (Dkt. 12), but on Burden's objection the court vacated that recommendation and granted her a further extension of time to file her motion for summary judgment (Dkt. 14).

2004. This is because in 2007, while her initial case was on appeal in federal district court, Burden filed a subsequent application for benefits alleging the onset of disability as of September 30, 2004. On May 28, 2008, the ALJ issued a favorable decision awarding her benefits beginning September 30, 2004.[9] That decision is not before the court for review.

## Analysis

### A.  Legal Standards

Section 405(g) of the Act governs the standard of review in disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny Social Security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard; and (2) the Commissioner's decision is supported by substantial evidence. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and is "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). The court does

---

[9]  *See* Tr. 633 n.1. ALJ Wendy Hunn issued the May 2008 and April 2011 decisions. ALJ Hunn was not aware of the 2001 application for benefits at the time she issued the favorable May 2008 ruling. The May 2008 decision is not in the record currently before the court.

not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)).

### B. The ALJ's Decision

The ALJ followed the usual 5-step sequential analysis in reaching her decision.[10] The ALJ found at step four that Burden could perform her past work as a clinical research analyst and dental hygienist. In the alternative, she found at step five that Burden could perform other work that exists in significant numbers in the national economy. Plaintiff argues that the ALJ erred at step two in determining that she had no severe mental impairment and in finding she could perform her prior work.

---

[10] (1) Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is no, (2) Does the claimant have a severe impairment? If so, (3) Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If no, (4) Can the claimant still perform her past relevant work? If no, (5) Considering the claimant's residual functional capacity (RFC), age, education and work experience, is there other work she can do? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chatter*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner has the burden at step five. *Perez v. Heckler*, 777 F2d 298, 300-01 (5th Cir. 1985).

The ALJ concluded that Burden had the severe impairments of asthma and contact latex allergies. The ALJ acknowledged Burden's allegations of depression, anxiety, and conversion disorder/somatization disorder, but found they were not severe for purposes of the Act. Burden contends that the ALJ applied the wrong legal standard because an impairment is severe unless it has "**no** impact whatsoever" on a claimant's ability to work. Dkt. 15 at 2 (emphasis in original). Burden overstates the standard.

Under applicable regulations, an impairment is not severe "if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 404.1520(c). The Fifth Circuit expresses this standard as follows: "an impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). The ALJ's determination that Burden's mental health issues "did not cause more than minimal limitation in her ability to perform basic mental work activities," does not precisely recite the language of *Stone*, but it is not necessarily inconsistent.

The ALJ gave due consideration of the four broad functional areas set forth in 20 C.F.R. § 404.1520a(c)(3). Based on a full review of the record, the ALJ found that

5

Burden had no limitation in activities of daily living, no limitation in social functioning, mild limitation in concentration, persistence, or pace, and no episodes of decompensation. This analysis indicates the ALJ applied correct legal standards in concluding that Burden's allegations of depression, anxiety, and conversion/somatization disorder did not interfere with her ability to work.[11]

In addition, Burden has suffered no prejudice from the ALJ's severity ruling because the ALJ considered symptoms associated with all Burden's impairments, including her mental health impairments, when determining her residual functional capacity.[12] Due to numerous inconsistencies within her testimony, as well as inconsistencies between her testimony and medical records, the ALJ found that Burden's description of her symptoms was not entirely credible.[13] The ALJ concluded that Burden could lift/carry 20 pounds occasionally and 10 pounds frequently; could stand/walk for 6 hours per day; and could sit for a total 6 hours per day. The ALJ further concluded that Burden should avoid concentrated exposure to respiratory irritants, including fumes, odors, dusts, gases, and areas of poor ventilation, and was restricted from contact exposure to latex. Burden has not shown that this RFC

---

[11] Tr. 1077-1080.

[12] Tr. 1081-92.

[13] Tr. 1091-92.

assessment is based on improper legal standards or is not supported by substantial evidence.

Burden also argues that the ALJ did not understand her multiple impairments, referring to evidence of diagnoses and treatment she has received. But Burden cites no credible medical evidence supporting functional limitations from these impairments that prevented her from performing any substantial gainful activity during the relevant period. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Instead, Burden asks the court to reweigh the evidence, which is not the role of this court.

Finally, Burden argues that because she was found disabled as of September 2004, the ALJ was obligated to find her disabled during the period from alleged onset of disability on February 15, 1999 through September 29, 2004. The fact that Burden was awarded benefits for a subsequent period, based on a subsequent application in which she alleged onset of disability as of September 2004, is not relevant to the review of the ALJ's decision in this case. *Hardman v. Colvin*, 820 F.3d 142, 151 (5th Cir. 2016).

**Conclusion and recommendation**

For the reasons discussed above, the court recommends that Burden's motion be denied, the commissioner's motion be granted, and the final decision of the commissioner denying benefits be affirmed.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. FED. R. CIV. P. 72.

Signed at Houston, Texas on June 27, 2017.

Stephen Wm Smith
United States Magistrate Judge